JUDGE TUCKER.
By the statute of frauds and perjuries, it is among other things enacted, “that where any loan of goods and chattels, shall be pretended to have been made to .any person, with whom, or those claiming under him, possession shall have remained for the space of five years, without demand made and pursued by due process at law, on the part of the pretended lender, the same shall be taken as to creditors and purchasers of the persons aforesaid, so remaining in possession to be fraudulent within that act, *and that the absolute property is with the possession, unless such loan, reservation. or limitation of use or property, were declared by will, or by deed, in writing, proved and recorded as therein before directed.”
It appears by the bill of exceptions, that William Beasley, the debtor, in whose possession the slave in question was taken, by virtue of a writ of fjeri facias, and sold at public auction, by the sheriff, to the plaintiff, Owen, had been in peaceable possession of that slave from the year 1792, to 1801, under a loan thereof, from one William Hurt, who died in 1796, having made his will, dated in 1789, whereby he bequeathed the slave to the appellant, his grandson, who was not of age until 1801; and that Hurt’s executors proved his will, and qualified as executors thereto in December, 1796. The clauses in the will which are relied on, in favour of the appellant, as taking the case out of the statute of frauds and perjuries, are as follows: “Item, I give to my two grandsons, John Beasley and Edwin, the negro man now in the possession of W. Beasley, their father, as soon as they may come to lawful age, to be equally divided, &c. Item, my will is, that my son-in-law, W. Beasley, shall not have any part of my estate, except what I had given him in the life-time of my daughter.” The will was proved in Nottoway County, where the testator appears to have resided. The seizure and sale | of the slave were made by the Sheriff of Charlotte County. There is no residuary clause in the will, so that the value of the labour or hire of the slave from the testator’s death until his grandson came of age in 1801, was undisposed of; the legal right to the slave and to his labour and hire, until that period, was consequently in the executors.
Ip considering this case, I am much inclined to doubt whether parol evidence of a loan of a slave, or of the conditions of such a loan, be admissible in a contest between a creditor or purchaser, from the person in possession, after that possession shall have continued peaceably, and without demand, for five y'ears; upon the grounds of this Court’s decision in the case of Jordan v. Murray, (a) and in Turner *v. Turner,(b) there being the same reason, I conceive, for rejecting such evidence of a pretended loan, .since the statute of frauds and perjuries, as of a pretended gift, under the act of 1758, c. 1. But, as no exception was offered to the admission of such evidence, I pass it over. The object of the statute of frauds and perjuries, seems to me to have been, to shut out all question respecting the property of a slave held in possession by a debtor, or vendor, for the space of five years, as between a creditor of, or a purchaser from, the person, in whom such possession has remained without demand for five years, and the person claiming such slave as his own absolute property, by virtue of any loan, reservation, or limitation of a use thereof, or property therein, unless, such loan, &c. were declared by wilt or .by deed in writing, proved and recorded, as by that act is required. In the present case, I doubt whether the bequest contained in the will of W. Hurt, is sufficiently clear and explicit to answer the purposes of the act, by giving notice to all persons that the paramount right, and absolute property' in the slave, whose name is not mentioned, still remained in the representatives of the testator, William Hurt, notwithstanding the possession was and (as would appear from the will) had been in W. Beasley from the year 1789, to the time that the slave was. taken in execution in the year 1801. But as a majority of the Court are satisfied upon that point, I shall urge it no farthers and only add, that I am of opinion, that the judgment be affirmed.
JUDGE ROANE
was of a different opinion, and assigned his reasons for reversing the judgment, which need not here be stated, his subsequent opinion in this, case rendering it unnecessary.

 3 Call, 85.

 1 Wash. 139.